UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ARGUETA MARCELO,

                Plaintiff,        ORDER
                                        10-CV-5964(JS)(ETB)
   -against-

EMC MORTGAGE CORPORATION,
JOHN DOES # 1-10,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Argueta Marcelo, Pro Se
                     100-102 Pennsylvania Avenue
                     Hempstead, New York 11550

For Defendants:     No Appearance

SEYBERT, District Judge:

       Pending before the Court is the Complaint of pro se plaintiff Argueta Marcelo ("Plaintiff"), accompanied by an application to proceed in forma pauperis. The application is granted and, for the reasons discussed herein, the Complaint is sua sponte dismissed without prejudice. Plaintiff may pursue any valid claims she may have in state court.

## BACKGROUND

       Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and Section 1921(2) of the New York Real Property Actions and Procedures Law, ("NY RPAPL") § 1921(2), appears to allege that defendant, EMC Mortgage Corporation, ("EMC" or

"Defendant") is "involved in the illegal foreclosure" of her[1] home as a result of its issuance of a high interest predatory loan. (Compl. at ¶¶ II-III). Plaintiff describes the Defendants as "known and unknown participants during those closing proceedings that lead [sic] to the predatory lending scheme, along with others unknown to the others, which also includes the appraiser." (Compl. at ¶ III).

Although difficult to discern, it appears that Plaintiff seeks to "void" the "current foreclosure proceedings and the lien against the property." (Compl. at ¶ III). Plaintiff requests that this Court "issue a declaratory judgment with a stay of the foreclosure sale . . . for the purpose of obtaining back [her] home." (Id.). Plaintiff also requests that the Court "discharge the loans . . . and to include any and all foreclosure proceedings orders and judgments made in connection with both the foreclosure action." (Id.).

The Complaint is comprised, in large part, of incoherent rambling accusations of fraud. For example, Plaintiff alleges that she

> purchased a loan that was originally more th[an] the value of the property and was told that the interest rate would be only 6.3% . . . . The original loan application shows [] a

---

[1] The Court notes that the Complaint inconsistently uses the pronouns "him", "his", "her", "she" and "their" to refer to the Plaintiff. For clarity, the Court will use only the female pronouns.

>       12.125% interest rate . . . [she] did not have
>       the liberty to obtain the entire closing
>       documents or the HUD-1 statements . . . was
>       forced and compelled to borrow consecutive
>       loans as a result of the high-pressure abusive
>       fraudulent behavior that is characterized by
>       the predatory lenders [] despite the fact that
>       she was not making the income in order to meet
>       the debt . . . was not made aware of any such
>       increase in fees, cost and expenses in
>       connection with the mortgage.

(Id.).

In addition to the aforementioned relief, Plaintiff also seeks $450,000.00 in compensatory damages and an unspecified amount of punitive damages. (Id.).

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II. Application of the Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.

3

§ 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a)&(b); <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a). This obligation applies equally to prisoner and non-prisoner <u>in forma pauperis</u> cases. <u>Awan v. Awan</u>, No. 10-CV-0635, 2010 WL 1265820, at *1 (E.D.N.Y. Mar. 26, 2010); <u>Burns v. Goodwill Industries</u>, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. 2002).

It is axiomatic that <u>pro se</u> complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's <u>pro se</u> Complaint liberally and interpret it raising the strongest arguments it suggests. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); <u>Pabon v. Wright</u>, 459 F.3d 241, 248 (2d Cir. 2006); (<u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds <u>pro se</u>, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See <u>Hughes</u>, 449 U.S. at 10; <u>Koppel v. 4987 Corp.</u>, 167 F.3d 125, 127 (2d Cir. 1999).

### III. <u>Subject Matter Jurisdiction</u>

Notwithstanding the liberal pleading standard afforded

pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

Here, the Complaint alleges that this Court's subject matter jurisdiction arises under "28 U.S.C. Section 1331(3) and (4)"[2] and Section 1983. (Compl. at ¶ I). Thus, it appears that Plaintiff seeks to invoke this Court's jurisdiction under both

---

[2] Given that Section 1331 does not have any subparts, the Court presumes that Plaintiff intended to cite to Section 1332(3) and (4) as the basis for this Court's subject matter jurisdiction.

5

sections 1331 and 1332. However, Plaintiff's thin allegations concerning jurisdiction do not establish that complete diversity exists because Plaintiff has not alleged the citizenship of Defendant EMC. For purposes of diversity jurisdiction, a corporation's citizenship is its principal place of business and the state where it was incorporated. 28 U.S.C. § 1332(C)(1); Hertz Corp. v. Friend, __U.S.__, 130 S. Ct. 1181, 1185 (2010). Without this information, the Court is unable to make a determination whether complete diversity exists.³ Accordingly, the Plaintiff has not established this Court's subject matter jurisdiction under Section 1332.

However, as noted above, subject matter jurisdiction may also be established where the Complaint presents a federal question pursuant to § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513, 126 S. Ct. at 1237. A claim alleging federal-question

---

³ The Court notes that Plaintiff's inclusion of the ten "John Doe" Defendants is not a bar to establishing subject matter jurisdiction pursuant to § 1332. "'Although the Second Circuit has not ruled on this question, district courts in the Circuit have held that the mere inclusion of John Doe defendants does not destroy complete diversity until it is later found that one or more of the unknown defendants is domiciled such that there is not complete diversity.'" Zaccaro v. Shah, No. 08-CV-3138, 2010 WL 3959622, at *4 (S.D.N.Y. Sept 29, 2010) (quoting Doe v. Ciolli, 611 F. Supp. 2d 216, 220 (D. Conn. 2009)). Accordingly, until it is determined that any of the unidentified defendants would destroy complete diversity, their inclusion in the caption does not warrant a finding that diversity does not exist.

jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" (Id. at 513 n. 10). Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980), pro se litigants must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction).

Here, even given a liberal construction, Plaintiff's Complaint does not allege a federal claim such that the Court's federal question subject matter jurisdiction may be invoked. Despite Plaintiff's citation of the Declaratory Judgment Act and Section 1983, her allegations do not present a colorable federal claim for the reasons that follow.

A. Declaratory Judgment Act

According to the Second Circuit, "the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts." 28 U.S.C. § 2201(a); Correspondent Servs. Corp. v. First Equities Corp., 442 F.3d 767, 769 (2d Cir. N.Y. 2006). "There must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." 442 F.3d at

769 (citing Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 752 (2d Cir. 1996)).

Even upon a liberal construction, Plaintiff has not alleged an independent basis of jurisdiction such that the Court may enter a declaratory judgment pursuant to 28 U.S.C. § 2201. Accordingly, the Declaratory Judgment Act does not give this Court a basis for federal subject matter jurisdiction.

B.  Section 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.

To state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of her rights or privileges as secured by the Constitution of the United States. Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998). Under extremely limited circumstances not alleged here, private actors, such as Defendant EMC, may be held liable under Section 1983. See White v. Monarch Pharmaceuticals, Inc., No. 08-CV-0430, 2009 WL 3068217, *1

(2d Cir. Sept. 28, 2009); see also Rendell-Baker v. Kohn, 457 U.S. 830, 838-42, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982). Here, the sole named Defendant is a private corporation not alleged to have any connection with any government body and thus has not acted under color of state law. Moreover, the Complaint is wholly devoid of any allegations concerning the deprivation of any constitutional right as is required to state a plausible Section 1983 claim. See, e.g., McCarthy v. Wachovia Bank, N.A., No. 08-CV-1122, 2011 WL 79854, at *6 (E.D.N.Y. Jan. 11, 2011) (citing Nealy v. Berger, No. 08-CV-1322, 2009 WL 704804, at *4 (E.D.N.Y. Mar. 16, 2009). In the absence of any allegations against a state actor of a deprivation of a constitutional right, Plaintiff's Section 1983 claim is not plausible and does not establish this Court's federal subject matter jurisdiction.

IV. Leave to Amend the Complaint

Given the Second Circuit's preference to adjudicate pro se complaints on the merits, the Court grants Plaintiff leave to amend her Complaint in compliance with this Order. Plaintiff is warned that in so far as she seeks to overturn a state court judgment of foreclosure under NY RPAPL § 1921(2), this Court is barred from granting such relief. See, e.g., Jing Chun Wu v. Levine, No. 05-CV-1234(NG), 2005 WL 2340722, at *1 (E.D.N.Y. June 3, 2005), aff'd, 314 F. App'x (2d Cir. 2009) ("Courts in this Circuit have consistently held that any attack on a judgment of

9

foreclosure is clearly barred by the Rooker-Feldman doctrine") (citations omitted). To the extent Plaintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by Younger v. Harris, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

Should Plaintiff wish to file an Amended Complaint in this Court, she shall do so in accordance with this Order within thirty (30) days from the date this Order is served with notice of entry upon her or her Complaint will be deemed dismissed with prejudice. See Federal Rule of Civil Procedure 77(d)(1).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and the Complaint is sua sponte dismissed without prejudice and with leave to file an Amended Complaint in accordance with this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff at her last known address and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 5(b)(2)©.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May 6, 2011
~~April~~
Central Islip, NY

11